JOSEPH ONKA, PLAINTIFF-RESPONDENT, v. BOARD OF CHOSEN FREEHOLDERS OF MIDDLESEX COUNTY, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided May 27, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the defendant-appellant, *Edmund A. Hayes.*

For the plaintiff-respondent, *Milton A. Weiss* and *Leon Gerofsky.*

BODINE, J.  The judgment in favor of the plaintiff must be reversed.  There was failure as a matter of law to prove active wrongdoing chargeable to the County of Middlesex. *Fischer* v. *Nutley,* 120 *N. J. L.* 290; *Hammond* v. *Monmouth County,* 117 *Id.* 11; *Allas* v. *Rumson,* 115 *Id.* 593.

The plaintiff's son, in the early hours of the morning of December 3d, 1938, was driving on Woodbridge Avenue, Middlesex County, toward New Brunswick.  Having dimmed his lights to pass an approaching vehicle, he struck a barrel

guarding an excavation on the highway necessary for reconstruction purposes causing the damages to the car for which there was recovery.

The proofs demonstrate that the excavation was adequately guarded by five barrels on each end and on the tops of which were placed the familiar bomb torches, which had been filled and lighted on the evening before the occurrence, and were found burning on the morning thereafter, except the one on the barrel struck by the driver of the plaintiff's car.

There is nothing to charge the municipality with active wrongdoing. It was obliged to engage in highway construction. Barrels with lights upon them are a common highway guard, and further there is nothing in the case to indicate that the barrels and the lights were not adequate, if lighted, to guard the excavation.

One witness said the lights were not lit when the accident occurred. Two witnesses said that police officers, who returned to the scene of the accident would so testify. That the plaintiff did not call them is of some significance, except for the fact that their testimony that the lights were not lit at the time of the accident would not establish active wrongdoing, the only basis for recovery.

The municipality having adequately guarded the excavation, so far as appears, was under no duty to see that the lights were kept lit in the absence of proof that a defective condition existed which had been brought to its attention in time to remedy before the accident occurred.

The judgment is reversed, costs to abide the event.